## BEARDSLEY & McMINN *vs.* JACOBS.

Where the defendant in a justice's court pleaded the general issue and four special
  pleas, each of which set up new matter, and the plaintiff put in a replication con-
  taining an answer to one of the special pleas, though designed as an answer to
  them all, and without further pleadings the parties went to trial on the merits
  before the justice, and the plaintiff recovered, and the defendant appealed to
  the common pleas—and on the trial there the court refused to hear the plaintiff's
  evidence, and gave judgment for the defendant on the ground that the special
  pleas which were unanswered set up a good defence and stood admitted; *held*
  erroneous, and that the common pleas should have heard and determined the
  cause on its merits.

Beardsley v. Jacobs.

ERROR to the Chenango C. P. Beardsley & McMinn sued Jacobs before a justice, and declared in trover for two bales of wool. The defendant pleaded, 1. Not guilty ; 2. That the defendant was a constable, and had an execution on a judgment in favor of two Smiths against one Read, and took the wool by virtue of the execution, the same being the property of Read ; 3. That the wool was the property of one Read, and the defendant was empowered, authorized and licensed by Read to take the wool ; and 4. That the wool was the property of Read ; the defendant was a constable and had an execution in favor of two Smiths against Read ; that the wool was fraudulently transferred by Read to the plaintiffs to prevent the same being levied upon, by said execution ; and the defendant took the wool by virtue of the execution. Replication as follows : The plaintiffs say they ought not by reason of any thing in the defendant's said special plea above pleaded, to be barred, &c. because they say that the wool mentioned in the declaration was transferred without fraud to the plaintiffs before the levy of the execution by the defendant ; and the plaintiffs pray judgment, &c. The justice rendered judgment for the plaintiffs for $49 damages, besides costs ; and the defendant appealed to the common pleas.

On the trial in the C. P. the plaintiffs offered to establish their cause of action, and to prove all their allegations in the pleadings : but the court refused to hear any evidence, and decided that the defendant was entitled to judgment upon the pleadings, and directed the jury to find a verdict for the defendant. The plaintiffs excepted. Verdict and judgment for the defendant. The plaintiffs bring error.

*John Wait*, for plaintiffs in error.

*R. O. Reynolds*, for defendant in error.

*By the Court*, BRONSON, Ch. J. The argument in support of the judgment of the common pleas is this : Some or all of the special pleas are good, and sufficient to bar the action. The replication is not a good answer to all, if it be to any, of the pleas.

That which is not answered is admitted. Therefore the truth of the pleas is admitted ; and being admitted, the defendant is entitled to judgment. But the plaintiffs did not intend to admit the truth of the pleas. On the contrary, they attempted to answer the pleas, and did answer them, though in an informal manner. And the defendant treated the replication as an answer. He did not ask judgment as for a default in replying ; nor did he demur for the insufficiency of the pleading. Both parties thought they had got an issue or issues of fact upon the matters set up in the special pleas, as well as upon the plea of not guilty ; and upon those issues they proceeded to trial before the justice. The cause was there examined and decided upon its merits ; and that is the way it should have been disposed of on the appeal. The plaintiffs evidently considered the matters set up in what the defendant calls three special pleas, as constituting only one plea ; and they answered it by a single replication. This was an informality : but where no objection is taken at the time, such things are overlooked in reviewing the proceedings in justices' courts. Had the defendant asked for judgment by default before the justice, on the ground that any one or more of the pleas was not answered ; or had he demurred for the insufficiency of the replication, the plaintiffs would have been allowed to amend, and give a separate answer to each plea. But by omitting to take the objection at the proper time, and then starting it in the common pleas, injustice was done to the plaintiffs ; for the C. P. can only allow a reform in the pleadings where an issue of law was joined before the justice. (2 *R. S.* 262, §§ 211, 212, 210, 216.) As the defendant was content to consider the cause fully at issue before the justice, I think he was too late to set up the objection on the hearing of the appeal.

An appeal is only authorised where the judgment of the justice was rendered upon an issue of law, or an issue of fact, joined between the parties. (§ 186.) And where there was an issue of fact before the justice, that issue is to be re-tried in the C. P. (§§ 210, 216.) Now, here, there was no issue of law upon the special pleas, for there was no demurrer. If there was no issue of fact upon those pleas, the C. P. had nothing to do with

them. That court had no power to render a judgment on appeal as by default for not answering the pleas before the justice. The cause should have been tried on the issue made by the plea of not guilty. If no answer to the special pleas had been attempted, the C. P. would not have been authorized to found any judgment upon that fact. An appeal is not given for any such purpose.

Should the pleadings on either side be tested by the rules which prevail in courts of record, they would be found informal and defective. But still there is enough to authorize and require a trial of the cause in the C. P., as it was tried before the justice, upon its substantial merits. There must be a *venire de novo.*

Judgment reversed.